HINKLEY, Appellant, vs. TOWN OF ROSENDALE, Respondent.

*January 18 — February 2, 1897.*

· *Highways: Negligence: Instructions.*

1. In an action for a personal injury caused by the presence of an old stump eighteen inches high, about eight and one-half feet west from the center of the highway, which had been there eighteen years, it appeared that the plaintiff, who lived on that highway and not far off and knew of the stump, was driving past there on a track west of that which the town authorities had graveled, in the nighttime, forgetful of the stump, when her wheel struck it and she was tipped over and injured. *Held*, that the question whether the presence of the stump there was such negligence as made the town liable for her injury was properly left to the jury.

2. In determining whether the instructions given to the jury were correct and sufficient, the charge is to be construed as a whole and not by detached sentences.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The action is for the recovery of damages for injuries which the plaintiff received upon one of the highways of the defendant town. At the place of the accident the road was sixty-six feet wide. There were three tracks over which the travel went. One, near the center of the highway, had been worked by hauling gravel upon it. The westerly track was one where teams had gone, to avoid the greater dust, over the turf. No work had been done upon it. At this point

the ground was level and smooth. On the west side of this westerly track, and twenty inches to two feet from it, and eight and six-tenths feet from the center of the highway, was an old stump, a foot to eighteen inches high. It had been there for eighteen years. The plaintiff lived upon this highway, about eighty rods from the place of the accident. She traveled frequently over this highway, and knew of the presence of the stump. She was driving here on a dark night, forgetful of the stump, when the wheel of her cart struck the stump and upset the vehicle, and the plaintiff's arm was broken. There was a jury trial, and a verdict and judgment for the defendant, from which the plaintiff appeals.

For the appellant there were briefs by *Gary & Forward* and *C. D. McFarland*, and oral argument by *C. D. McFarland* and *S. H. Forward*.

*Maurice McKenna*, attorney, and *E. S. Bragg*, of counsel, for the respondent.

NEWMAN, J. Three grounds of error are alleged: (1) Instructions refused; (2) instructions given; and (3) new trial denied. The case lacks novelty. The facts are few and simple and easy of comprehension. The legal principles which govern are so well settled by repeated adjudications of this court as to be elementary and familiar. The trial court could not well err, unless through excess of painstaking. The fundamental question was whether the presence of the stump in that place was such negligence as made the town liable for the plaintiff's accident. This question, under familiar principles, was for the jury. The plaintiff asked that it be taken from the jury, by the instructions asked, to the effect that the presence of the stump was negligence, and that, if the plaintiff was herself without negligence, she is entitled to recover. These proposed instructions the court rightly refused to give. On the contrary, it submitted the question of the defendant's negligence to the jury, with ap-

propriate and accurate instructions. The plaintiff asked, also, special instructions bearing upon the question of the plaintiff's contributory negligence, which the court did not give, in form, as requested, but which it did give, in substance, fairly, in the general charge. The failure to give these instructions as asked is alleged as error.

The following is given as a sample. It is complained especially that the court did not give in the general charge the substance of this sentence, taken from the instructions requested: "What might be negligence in the daytime might not be such in the nighttime." That simply imports nothing but that the darkness may be an element to be considered. What the court said was, among other things to be considered, "You may consider that the time of the accident was in the nighttime." This also imports that the darkness is an element to be considered. It lacks nothing of the substance of the requested instruction.

The plaintiff excepted to the general charge, by piecemeal, to nearly every sentence. Many of the exceptions are little more than verbal criticism, and are too numerous and too attenuated to be examined in detail with profit. Certainly the instructions seem to be fair and free from bias, and to cover the whole case with sufficient clearness and accuracy. They are not so fervidly inclined to plaintiff's view of the case as the proposed instructions, but for that very reason are more to be preferred. The charge is to be construed together, as a whole, and not piecemeal, or by detached portions or sentences. If it is found, as a whole, to be consistent and right in its entire tenor and effect, it is to be upheld, even although it may be subject to minor criticism in some of its subordinate details. This charge well bears that test. There was no ground requiring a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.